In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 01-2826 & 01-2827

JEFFREY P. CURTIS and MARTIN A. SAX,

*Petitioners-Appellants*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeals from the United States District Court
for the Central District of Illinois.
Nos. 01-4051 & 01-4053—**Joe Billy McDade**, *Chief Judge*.

ARGUED MAY 16, 2002—DECIDED JUNE 19, 2002

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Convicted of conspiring to distribute marijuana, Jeffrey Curtis and Martin Sax were sentenced to 262 months' imprisonment apiece. See *United States v. Curtis*, 37 F.3d 301 (7th Cir. 1994); *United States v. Sax*, 39 F.3d 1380 (7th Cir. 1994) (remanding for resentencing; the 262-month term was imposed on remand). After the Supreme Court issued *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Curtis and Sax filed collateral attacks under 28 U.S.C. §2255, contending that their sentences are unconstitutional because the petit jury did not find beyond a reasonable doubt that they conspired to distribute

the minimum quantity (100 kilograms) that would support a sentence exceeding 240 months' imprisonment. See 21 U.S.C. §841(b)(1)(B)(vii). When imposing sentence the district judge found that the conspirators distributed more than 1,000 kilograms of marijuana, an order of magnitude larger than the statutory threshold, but *Apprendi* establishes that this decision was made by the wrong body (the court) and under the wrong burden of persuasion (a preponderance of the evidence).

Relying on the one-year statute of limitations added to §2255 ¶6 in 1996, the district court dismissed the petitions as untimely. The court recognized that a fresh year is available to take advantage of a "right . . . initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" (§2255 ¶6(3)) but concluded that this applies only if the Supreme Court itself has declared its new decision to be retroactive—and that Court has not deemed *Apprendi* retroactive. Shortly after the district court dismissed these petitions, we held in *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001), that for *initial* collateral attacks (such as these) a court of appeals or district court may make the retroactivity decision. A motions panel then issued certificates of appealability and directed the parties to brief the question whether *Apprendi* should be applied retroactively. If yes, then the petitions are timely; if no, then they are untimely.

To date, five courts of appeals have held that *Apprendi* is not retroactive on collateral review. See *In re Turner*, 267 F.3d 225 (3d Cir. 2001); *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2001); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001). No court of appeals has held otherwise. We agree with these holdings and preserve the appellate unanimity.

Curtis and Sax offer two principal arguments why, in their view, *Apprendi* should be applied retroactively on collateral attack under the principles of *Teague v. Lane*, 489 U.S. 288 (1989). (There was no majority opinion in *Teague*, but the Court has treated Justice O'Connor's plurality opinion as the holding. See, e.g., *Tyler v. Cain*, 533 U.S. 656 (2001).) One is that *Apprendi* made a substantive change in the law and hence automatically applies even to closed cases. See *Bousley v. United States*, 523 U.S. 614, 619-21 (1998); *Davis v. United States*, 417 U.S. 333 (1974). The other is that *Apprendi* is a "watershed" rule that "requires the observance of 'those procedures that . . . are "implicit in the concept of ordered liberty"'" (*Teague*, 489 U.S. at 307, quoting from *Mackey v. United States*, 401 U.S. 667, 693 (1971) (Harlan, J., concurring), quoting from *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). See also *Sawyer v. Smith*, 497 U.S. 227, 242 (1990).

*Bousley* and *Davis* hold that a person convicted of an act that the law does not make criminal may obtain collateral relief. *Bousley* adds that *Teague*'s retroactivity standard applies only to changes in procedural rules. Curtis and Sax contend that *Apprendi* is substantive rather than procedural. Yet *Apprendi* is about nothing but procedure—who decides a given question (judge versus jury) and under what standard (preponderance versus reasonable doubt). *Apprendi* does not alter which facts have what legal significance, let alone suggest that conspiring to distribute marijuana is no longer a federal crime unless the jury finds that some particular quantity has been sold. Cf. *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483 (2001). Although some courts of appeals held in the wake of *Apprendi* that a district court lacks jurisdiction unless the indictment charges the quantity of drugs that authorizes an enhanced penalty—and this view was the mainstay of the dissenting opinions in *Moss* and *McCoy* calling for *Apprendi*'s retroactive application—the Supreme

Court rejected that position in *United States v. Cotton*, 122 S. Ct. 1781 (2002). Just as we had held in *United States v. Bjorkman*, 270 F.3d 482, 489-92 (7th Cir. 2001), the Supreme Court concluded that the conviction remains valid although the indictment omits, and the jury does not find, facts that raise the maximum penalty. *Cotton* also concluded that the sentence can be valid, despite this error, even when the issue is raised on direct appeal. Because *Apprendi* is concerned with the identity of the decision-maker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful, it identifies a new rule of criminal procedure that falls within the set of legal changes to which the *Teague* standard applies.

Thus we must ask whether the rights identified in *Apprendi* are so fundamental that any system of ordered liberty is obliged to include them. The Supreme Court considered a related argument in *Cotton*, where the defendant insisted that failing to name the drug quantity in the indictment and obtain a resolution (beyond a reasonable doubt) by the jury is so vital that it should be deemed a "structural error" that always leads to reversal on direct appeal. The Court's answer was that even if the error is "structural" and even if the point is raised on direct appeal, the error may not necessarily justify reversal under the plain-error standard that applies to litigants who did not present their argument to the district court. Whether it does (assuming that (1) there is error, (2) that is "plain," and (3) affects substantial rights) will depend on the evidence in the particular case. That is to say, *Cotton* held that a decision about drug quantity made by a judge (on the preponderance standard) rather than a jury (on the reasonable-doubt standard) is not the sort of error that necessarily undermines the fairness, integrity, or public reputation of judicial proceedings. To the contrary, the Court continued,

the fairness and integrity of the criminal justice system depends on meting out to those inflicting the greatest harm on society the most severe punishments. The real threat then to the "fairness, integrity, and public reputation of judicial proceedings" would be if [criminal defendants], despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial.

122 S. Ct. at 1787. This observation is no less applicable to collateral attacks. So no bedrock rule of procedure has been broken. Findings by federal district judges are adequate to make reliable decisions about punishment. See *Edwards v. United States*, 523 U.S. 511 (1998). *Apprendi* therefore does not disturb sentences that became final before June 26, 2000, the date of its release.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*