# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-2700

WILLIAM S. SIMPSON,

*Applicant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent.*

Application for an Order Authorizing the District Court
to Consider a Second or Successive Motion for Collateral Review.

SUBMITTED JULY 6, 2004—DECIDED JULY 16, 2004[1]

OPINION PUBLISHED JULY 23, 2004

Before RIPPLE, ROVNER, WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* William Simpson asks this court's permission to file a second or successive collateral attack under 28 U.S.C. § 2255. He proposes attacking his conviction under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). For the reasons that follow, we dismiss Simpson's application without prejudice to renewing his request should the Supreme Court make the rule announced in *Blakely* applicable to cases on collateral review.

---

[1] The decision was originally released in typescript.

In September 2000, Simpson pleaded guilty to possessing with intent to distribute approximately 1,000 grams of a mixture containing cocaine. The district court sentenced Simpson to 157 months' imprisonment and entered judgment against him on January 3, 2001. Simpson, who did not appeal the judgment, filed his first § 2255 motion in December 2001, arguing that counsel rendered ineffective assistance, his guilty plea was involuntary, and his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied the § 2255 motion after determining that Simpson's waiver of the right to seek collateral relief was enforceable. Additionally, the court concluded that Simpson could not establish an *Apprendi* violation because his 157-month sentence was well below the 40-year statutory maximum for trafficking 1,000 grams of cocaine. Again Simpson did not seek this court's review. Finally, in August 2003, Simpson filed a second § 2255 motion, which the district court dismissed for lack of jurisdiction. Simpson did not appeal the dismissal of his second § 2255 motion.

Simpson proposes attacking his sentence under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He claims that, despite his plea to trafficking about 1,000 grams of cocaine, the trial court sentenced him based on its finding that he cooked the cocaine into around 500 grams of crack. Simpson argues that his proposed claim satisfies the criteria of § 2255 ¶8(2), which allows the court to authorize a proposed claim relying on a new rule of constitutional law announced and made retroactive by the Supreme Court.

A case announces a new constitutional rule if the Supreme Court bases its decision in the Constitution and the rule it announces was not dictated or compelled by precedent. *Beard v. Banks*, 124 S. Ct. 2504 (2004); *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). *Blakely* iterates the holding in *Apprendi* that, under the Sixth Amendment, all facts used to increase a defendant's sentence beyond the statutory maximum must be charged and proven to a jury.

124 S. Ct. at 2536. *Blakely*, however, alters courts' under-standing of "statutory maximum": "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 2537 (emphasis in original). In other words, upward adjustments based on judicial fact finding that are dictated by the guide-lines violate *Blakely*. *United States v. Booker*, No. 03-4225, 2004 WL 1535858, at *3 (7th Cir. July 9, 2004) ("*Blakely* dooms the guidelines insofar as they require that sentences be based on facts found by a judge.").

The rule announced in *Blakely* is based in the Constitution and was not dictated or compelled by *Apprendi* or its prog-eny. In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

Under our new understanding of the statutory maximum, Simpson may be able to show that his sentence is unconsti-tutional. Under *Blakely*, the relevant statutory maximum "is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). According to the application, Simpson pleaded guilty to

trafficking 1,000 grams of cocaine, but, at sentencing, the judge determined that Simpson had cooked the cocaine into 500 grams of crack and sentenced him accordingly. Under the guidelines, the base offense level for 1,000 grams of cocaine is 26, which has a sentencing range of 63 to 78 months; for 500 grams of crack, the base offense level is 36, which has a sentencing range of 188 to 235 months.[2] In other words, according to Simpson, the judge imposed a longer sentence than that supported solely on the facts he admitted during his plea colloquy. If true, the sentence may violate *Blakely*.

Assuming that the Supreme Court announced a new constitutional rule in *Blakely* and that Simpson's sentence violates that rule, the proposed claim is premature. The Supreme Court has not made the *Blakely* rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶8(2). *See In re Dean*, No. 04-13244, 2004 WL 1534788 (11th Cir. July 9, 2004). In *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000), and *Hernandez v. United States*, 226 F.3d 839 (7th Cir. 2000), this court developed a procedure for analyzing *Apprendi* claims proposed before the Supreme Court ruled on its retroactive application, namely: if the applicant could state a claim under *Apprendi*, the application was dismissed without prejudice; if she could not, the application was denied on the merits. In keeping with the approach developed in *Talbott* and *Hernandez*, we DISMISS without prejudice Simpson's application for leave to file a successive collateral attack. Should the Supreme Court announce that *Blakely* applies retroactively to cases on collateral review, Simpson can file a renewed application.

---

[2] Assuming Simpson's factual recitation is accurate, the district court must have granted a two- or three-level reduction—perhaps for acceptance of responsibility—before imposing the 157 month term: offense level 33 yields a 135-168 month sentencing range; offense level 34 yields a 151-188 month range.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*