Manuel **CONCEPCION**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

**No. 97–CV–2171 (ADS).**

United States District Court,
E.D. New York.

Aug. 25, 2004.

Manuel Concepcion, Coleman, FL, Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York by Assistant United States Attorney Jo Ann Navickas, Brooklyn, NY, Attorney for Respondent.

### *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

Presently before the Court is the motion by Manuel Concepcion ("Petitioner" or "Concepcion") for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Petitioner asks this Court to alter or amend its January 24, 2002 Decision denying on the merits his motion to vacate, set aside, or correct his 1991 sentences, pursuant to 28 U.S.C. § 2255. *See Concepcion v. United States,* 181 F.Supp.2d 206 (E.D.N.Y.2002).

In his *pro se* motion, Concepcion reargues the following claims: (1) that the evidence was legally insufficient to support his conviction under 18 U.S.C. § 924(c) and the Court relied upon a factual misrepresentation by the Government in reaching its conclusion; (2) that the indictment was deficient and his convictions did not support a sentence for life imprisonment; (3) that the jury instructions were "defective" for failing to include a manslaughter charge; and (4) that his life sentence was improper under the Sentencing Guidelines and under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In his supplemental and amended motions, Concepcion challenges his sentences under the Court's recent holding in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and he also avers that his rights under the Confrontation Clause were violated in light of *Crawford v. Washington,* —— U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Because the parties are fully familiar with the factual and procedural history of this case, the Court will only discuss those facts and procedure necessary for the determination of the instant motion. *See United States v. Concepcion,* 983 F.2d 369 (2d Cir.1992) (affirming Concepcion's convictions), *cert. denied,* 510 U.S. 856, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993); *Concepcion v. United States,* 298 F.Supp.2d 351 (E.D.N.Y.2004) (denying Concepcion's motion seeking the return of a seized automo-

bile); *Concepcion,* 181 F.Supp.2d at 206 (denying Concepcion's Section 2255 motion).

## DISCUSSION

■ A motion for reconsideration should generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation Inc.,* 70 F.3d 255, 257 (2d Cir.1995). The standard for a Rule 59(e) motion is "strict" and exists in order to dissuade parties from re-litigating issues that have already been fully considered by the Court. *Id.* at 257; *Lee v. Ashcroft,* No. 01–CV–0997 (SJ), 2003 WL 21310247 (E.D.N.Y. May 27, 2003).

■ As to his second, third, and fourth claims, Concepcion presents no new matters that the Court overlooked in denying these˘ claims on their merits. Therefore, the Court denies these claims because Concepcion "seeks solely to re-litigate an issue already decided." *Shrader,* 70 F.3d at 257.

■ Moreover, the Court notes that, after Concepcion's habeas petition was denied, the Second Circuit has held that *Apprendi* does not apply retroactively to cases on collateral review. *See Coleman v. United States,* 329 F.3d 77, 79 (2d Cir. 2003) (holding that "*Apprendi* does not apply retroactively to initial section 2255 motions for habeas relief"), *cert denied,* — U.S. ——, 124 S.Ct. 840, 157 L.Ed.2d 719 (2003). In any event, this Court fully discussed the merits of Concepcion's *Apprendi* claim and concluded that any sentence error due to *Apprendi* would have been considered harmless because Concepcion was subject to a sentence of life imprisonment for more than one of his convictions. *Concepcion,* 181 F.Supp.2d at 234–236. Accordingly, Con-

cepcion was properly sentenced to life in prison.

Furthermore, the Supreme Court's recent holdings in *Blakely* and *Crawford* are not applicable to Concepcion's case. This case is distinguishable from *Crawford* in that the statements to which Concepcion refers were sufficiently redacted and thus, properly admitted at trial. *See Concepcion,* 181 F.Supp.2d at 222–223 and "Appendix A."

■ With regard to Concepcion's argument that *Blakely* applies retroactively to his motion, the Court disagrees. *See Garcia v. United States,* No. 04–CV–0465, 2004 WL 1752588 at *5 (N.D.N.Y. Aug.4, 2004) (holding that "*Blakely* does not apply retroactively to § 2255 motions"). The Supreme Court has not, as yet, ruled that *Blakely* is applicable to the federal sentencing guidelines. Even if held to be applicable, the Supreme Court has not determined that *Blakely* applies retroactively to cases on collateral review. Therefore, the rule in *Blakely* is of no aid to Concepcion in the resolution of this motion. *See Simpson v. United States,* 376 F.3d 679, 681–682 (7th Cir.2004) (finding that, even if *Blakely* announced a new constitutional rule, "the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review"); *In re: Dean,* 375 F.3d 1287, 1290 (11th Cir.2004) (holding that the *Blakely* rule does not apply retroactively on collateral review and cannot authorize a successive habeas petition); *Garcia,* 2004 WL 1752588 at *5 (noting that "because *Apprendi* does not apply retroactively to collateral attacks and *Blakely* is an extension of *Apprendi, Blakely* is similarly limited to prospective application").

Finally, Concepcion argues that the Court erred in concluding that there was sufficient evidence to support his conviction under 18 U.S.C. § 924(c) for knowingly "using" or "carrying" firearms to the site of the narcotics transactions. He

claims that, in reaching its conclusion, the Court mistakenly relied upon the Government's representation that Concepcion arrived at the location of the narcotics transactions in the vehicle in which the firearms were located. Concepcion provided trial testimony that demonstrates that he came in the van which carried the cash for the purchase, and not the Cadillac which contained the firearms. Concepcion therefore concludes that the Court should have vacated his Section 924(c) conviction in accordance with *Muscarello v. United States,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) and *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

The United States Attorney's Office, as attorney for the Respondent, concedes this factual misrepresentation. *See* Resp't Ltr to Court dated Apr. 18, 2002 at 2. However, the Respondent argues that, notwithstanding this error, Concepcion was properly found to be "guilty of aiding and abetting the carrying of the firearms in connection with the narcotics deal at issue because he knowingly provided the car in which his weapons (and another's) were carried to the site of the narcotics transactions—the same site to which he also traveled in another one of his vehicles." *Id.* at 5. The Respondent further maintains that Concepcion owned both vehicles used for the narcotics deal; he knew of and owned the firearms; and he played a "critical role in the movement of the firearms to the scene of the drug deal by providing his car." *Id.* at 2.

The Court acknowledges the Government's factual misrepresentation and that this error provided, in part, the basis for the Court's conclusion. *See Concepcion,* 181 F.Supp.2d at 216 (stating that "the guns were in the trunk of the car in which [Concepcion] came to the scene. Under the specific language of *Muscarello,* by reason of the established fact that the guns were in the trunk of the car near where Concepcion was standing in the midst of a major drug deal, he was properly convicted of 'carrying' those weapons"). Nevertheless, despite this error, in order to prevail on the instant motion for reconsideration, Concepcion must show that, if the Court had considered this testimony, it would have reasonably altered the Court's conclusion. *See Shrader,* 70 F.3d at 257.

▮ Under 18 U.S.C. § 924(c), a defendant who knowingly "uses" or "carries" a firearm "during and in relation to" a "drug trafficking crime" is subject to a mandatory minimum prison term of five years. *Muscarello,* 524 U.S. at 136, 118 S.Ct. 1911; *United States v. Cox,* 324 F.3d 77, 81 (2d Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 143, 157 L.Ed.2d 97 (2003). "A defendant 'uses' a firearm by actively employing it." *United States v. Desena,* 287 F.3d 170, 180 (2d Cir.2002) (citing *Bailey,* 516 U.S. at 143, 116 S.Ct. 501). A defendant "carries" a firearm by either having it on his or her person, or knowingly possessing and conveying the firearm "in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Muscarello,* 524 U.S. at 126–127, 118 S.Ct. 1911. In the Second Circuit, the "carry" prong may also be established by showing that the defendant "had physical possession of the firearm" or "moved the firearm from one place to another." *Cox,* 324 F.3d at 82 (citing *United States v. Persico,* 164 F.3d 796, 802 (2d Cir.1999)). *See also Desena,* 287 F.3d at 180 (stating that a defendant can be found guilty of "carrying" a firearm even if he did not actively employ it).

▮ Concepcion's argument that he is not guilty of "carrying" firearms to the narcotics deal because the subject firearms were located in the locked trunk of a second vehicle, a vehicle in which he did not come to the scene, lacks merit. In denying habeas relief, this Court adhered to the

holding in *Muscarello* and found that "the 'generally accepted contemporary meaning' of the word 'carry' includes the carrying of a firearm in a vehicle." *Concepcion,* 181 F.Supp.2d at 215–216 (citing *Muscarello,* 524 U.S. at 139, 118 S.Ct. 1911). As noted above, the word "carrying" applies to firearms locked in the trunk of a vehicle. Therefore, Concepcion's argument that he could not have utilized the firearms is not a determining factor here.

Moreover, in *Muscarello,* the Court specifically rejected a narrow interpretation of the word "carry," such as the one proposed by Concepcion where "carrying" should be limited to the vehicle in which a defendant arrives. The *Muscarello* Court noted that such a finding would undermine the purpose of Section 924(c), stating that "it is difficult to believe, however, that Congress intended to limit the statutory word to this definition—imposing special punishment upon the comatose gangster while ignoring drug lords who drive to a sale carrying an arsenal of weapons in their van." *Id.* at 131, 118 S.Ct. 1911.

In this case, in the late 1980s in the East section of Brooklyn and elsewhere, Manuel Concepcion was the leader of a major drug trafficking ring known as the "Unknown Organization," which was comprised of over "100 members and grossed over ten million dollars a month from heroin sales, together with additional revenue from cocaine transactions." *Concepcion,* 181 F.Supp.2d at 210. At the time of the relevant drug deal, Concepcion was attempting to purchase seven kilograms of heroin from a confidential informant for more than one million dollars in cash. *Id.* at 214. He was arrested during this reverse sting operation and he was found to be "in possession of more than one million dollars in cash, an Uzi submachine gun and two handguns." *Id.* at 210.

The trial testimony demonstrates that Concepcion owned the Uzi submachine gun, one of the handguns, and both of the vehicles used for the drug deal. *See* Resp't Ltr. to Court dated Apr. 18, 2002 at 4 (citing Trial Transcript at 9430–9433). As the leader of this Organization, he played a critical role in moving the firearms to the drug deal, including meeting with his team prior to the drug deal where he distributed the cash into one vehicle and the firearms into the other vehicle.

Therefore, the Court adheres to its January 24, 2002 holding and finds that there was sufficient evidence to sustain Concepcion's conviction for "carrying" firearms under 18 U.S.C. § 924(c). *See United States v. Pipola,* 83 F.3d 556, 564–565 (2d Cir.) (finding that the defendant was properly convicted under Section 924(c) because he "specifically encouraged" his co-conspirators to carry guns during the robberies), *cert. denied,* 519 U.S. 869, 117 S.Ct. 183, 136 L.Ed.2d 122 (1996); *United States v. Medina,* 32 F.3d 40, 45 (2d Cir. 1994) (holding that a defendant must "directly facilitate or encourage the use or carrying of a firearm" in order to be convicted under Section 924(c)); *United States v. Cambrelen,* 18 F.Supp.2d 226, 230–231 (E.D.N.Y.1998) (finding that the defendant was properly convicted under Section 924(c) where the guns were seized from his co-conspirators in waiting vehicles while the defendant attempted to steal narcotics from a warehouse), *aff'd by* 5 Fed.Appx. 30 (2d Cir.2001).

### CONCLUSION

Therefore, based on the foregoing reasons, the Court denies in its entirety Manuel Concepcion's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**SO ORDERED.**