# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 99-3781

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LONNIE M. FORD, also known as
LONNIE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana,
Hammond Division.
No. 97 CR 168—**James T. Moody**, *Judge.*

SUBMITTED AUGUST 6, 2004—DECIDED SEPTEMBER 3, 2004

Before EASTERBROOK, RIPPLE and ROVNER, *Circuit Judges.*

PER CURIAM. Lonnie Ford asks us to recall the mandate in his direct criminal appeal. The facts regarding Mr. Ford's conviction are detailed in our prior opinions. *United States v. Stott*, 245 F.3d 890 (7th Cir. 2001), and *United States v. Stott*, Nos. 99-2962, 99-3588, 99-3781, 2001 WL 706932 (7th Cir. June 22, 2001) (unpublished order) (substituting language of the original opinion following consideration of Mr. Ford's petition for rehearing). We therefore shall set

forth only those facts that are pertinent to Mr. Ford's present motion.

In 1999, Mr. Ford appealed his criminal convictions for possession with intent to distribute cocaine and cocaine base and for carrying a firearm during and in relation to the conspiracy to possess with intent to distribute. Following oral argument, Mr. Ford filed a motion arguing that the then-newly-decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), rendered invalid his sentence of 360 months' imprisonment. We rejected that argument when we affirmed Mr. Ford's conviction and sentence, *Stott*, 245 F.3d at 915, and again in our corrected opinion following consideration of Mr. Ford's petition for rehearing, *Stott*, 2001 WL 706932, at *1-2. Mr. Ford argued that the statutory maximum sentence for possession of cocaine, without reference to quantity, is twenty years. Because the jury did not find him guilty of possessing a specific amount of cocaine, he asserted that he could be sentenced only to twenty years under *Apprendi*. *Stott*, 2001 WL 706932, at *1. He further argued that the government failed to establish that the substance at issue was crack cocaine and therefore his sentence could not be justified as an enhanced penalty for possession of crack. *Id.* As a result of his failure to raise any *Apprendi*-type argument in the district court, we reviewed Mr. Ford's arguments for plain error and held that he failed to demonstrate that any error affected the fairness, integrity, or public reputation of the judicial proceedings because there was overwhelming evidence establishing the amount of crack cocaine. *Id.* The charge against Mr. Ford was based on a single transaction involving an undisputed amount of cocaine base, and the jury had to accept this amount in order to convict Mr. Ford of the charge. *Id.* In addition, we held that it was clear beyond a reasonable doubt based on the trial testimony that a rational jury would find that the substance involved was crack cocaine for purposes of 21

U.S.C. § 841. *Id.* at \*2.

In his motion, Mr. Ford argues that we should recall our mandate in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *cert. granted*, 2004 WL 1713654 (Aug. 2, 2004). Mr. Ford believes that *Blakely* casts his prior *Apprendi* argument in a different light and demonstrates that his sentence was in violation of his Sixth Amendment rights. He asserts that the court has the authority to recall the mandate in the interests of justice.

Mr. Ford, however, has failed to set forth any reason to justify recalling the mandate in his direct criminal appeal that was issued three years ago. Following his direct appeal, he filed a motion pursuant to 28 U.S.C. § 2255, which the district court dismissed with prejudice. *Ford v. United States*, 02-CV-00404 (N. D. Ind. Oct. 29, 2002). He did not seek permission to take an appeal from this decision.

We have held that motions to recall the mandate in a direct criminal appeal cannot be used to avoid the successive petition restrictions of 28 U.S.C. § 2255. *United States v. Prevatte*, 300 F.3d 792, 796-97 (7th Cir. 2002) (citing *Gray-Bey v. United States*, 209 F.3d 986, 988 (7th Cir. 2000)). *See also Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998). Accordingly, it is proper to recall the mandate only if we would authorize a second or successive collateral attack under 28 U.S.C. § 2244(b) and § 2255 ¶8. That is not the case here. Even if the Supreme Court announced a new constitutional rule in *Blakely* and Mr. Ford's sentence violates that rule, Mr. Ford's proposed claim is premature. As we explained in *Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004), the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review as required by § 2244(b)(2)(A) and § 2255 ¶8(2).

Accordingly, Mr. Ford's motion to recall the mandate is denied. However, should the Supreme Court announce that *Blakely* applies retroactively to cases on collateral review, Mr. Ford can file an application for leave to file a successive collateral attack in accordance with the *Simpson* decision.

DENIED


A true Copy:

Teste:


_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*