**UNITED STATES of America**

v.

**Ronald DAVIS.**

**No. 2:04 CV 222.**

United States District Court, N.D. Indiana, Hammond Division.

Dec. 13, 2004.

Ronald Davis, Rochester, MN, pro se.

### *ORDER*

MOODY, District Judge.

On June 4, 2004, defendant Ronald Davis filed a motion pursuant to 28 U.S.C. § 2255, which he then supplemented by two addenda, filed on July 19, 2004, and on September 3, 2004. A motion under § 2255 allows a federal prisoner "in custody ... claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction ..., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." RULE 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

Pursuant to a written plea agreement, Davis pleaded guilty to one count of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Six other counts, involving conspiracy to distribute, actual distribution, and use of a communication device to facilitate these offenses, were dismissed. Davis was sentenced to a term of imprisonment of 168 months of incarceration, to be followed by a 3–year term of supervised release.

In his motion as originally filed, Davis raised two issues, both of which ultimately go to the length of his term of incarceration. First, Davis asserts that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal. Davis claims that after his sentencing hearing he instructed his attorney to appeal one issue: the court's decision to adjust his base offense level upward under § 2D1.1(b)(1) of the United States Sentencing Guidelines for possession of a firearm, on the ground that the court erred because the facts did not support the adjustment. Second, Davis argues that his counsel gave ineffective assistance at the sentencing hearing by not successfully challenging the firearms adjustment. As to both issues, Davis requests relief in the form of a reduction in his term of imprisonment, to make it correspond to the term he would have received without the firearms adjustment to his base offense level.[1]

---

1. Were Davis to prevail on his claim regarding the neglected appeal, the court could not reform his sentence in that fashion, but would grant the remedy of allowing him to take a belated appeal with aid of counsel. *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir.1994).

In the first addendum to his motion, Davis adds the claim that whether he possessed a firearm, and what quantity of crack[2] he distributed, were factual questions as to which a jury finding was necessary pursuant to *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), *cert. granted*, — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004). In his second addendum, Davis contends that *Blakely* means that the court lacked jurisdiction to impose the allegedly unlawful portion of his sentence, that is, the term of incarceration that results from the court's factual findings on possession of a firearm and drug quantity.

Davis' written plea agreement is dispositive of the two issues he raised prior to the filing of the two addenda. In paragraph 9(e) of that agreement (filed with the court on February 2, 2001, docket entry # 56), Davis stated:

> I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines. ... I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth above in paragraph 9.b. of this plea agreement [20 years]. With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not

limited to, a proceeding under Title 28, United States Code, Section 2255.

In the change of plea hearing held on February 6, 2001, the court carefully went over the entire plea agreement with Davis, including this provision.

█ Davis has not alleged that he did not understand his plea agreement, nor does he allege that he received ineffective assistance of counsel in regard to his negotiation and acceptance of the agreement. In these circumstances, such waivers are generally enforceable. *See United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir.2003); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.2000). The court is as satisfied today, as it was on February 6, 2001, that Davis voluntarily, knowingly and intelligently waived his right to file the appeal he now claims to have requested his attorney to file,[3] as well as the present § 2255 motion.

That is true even when Davis casts the issue as having received ineffective assistance of counsel on the firearms issue at sentencing. That ineffective assistance claim goes directly to the manner in which his sentence was determined, on which Davis explicitly waived his right to file a § 2255 motion. Davis could have reserved the right to challenge his sentence based on ineffective assistance grounds, compare *United States v. Kempis–Bonola*, 287 F.3d 699, 700–01 (8th Cir.2002), but did not. That leaves open only the possibility of an ineffective assistance claim going directly to the negotiation of the plea agreement itself, and whether Davis intelligently waived his rights, which claim Davis does

---

**2.** Although Davis was sentenced after the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his term of incarceration was less than the 20-year statutory maximum applicable to distribution of any amount of cocaine provided in 21 U.S.C. § 841(b)(1)(C). At the time, this was thought to make a quantity finding un-

necessary. *United States v. Nance*, 236 F.3d 820, 824–25 (7th Cir.2000).

**3.** Thus, it is unlikely that Davis asked his attorney to file a notice of appeal on the § 2D1.1(b)(1) issue. Even if he did, his attorney would have reminded him that he had waived any such appeal.

not make. *See Mason*, 211 F.3d at 1069 (7th Cir.2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999). Unless Davis wants to invalidate the entire plea agreement and face all the charges that were dismissed (and he doesn't, he only wants his sentence "corrected" while retaining the other benefits he gained in the agreement), he cannot avoid that waiver. *See United States v. Hare*, 269 F.3d 859, 862 (7th Cir.2001).

Finally, this remains true whatever impact *Apprendi/Blakely/Booker* might potentially have, because in the agreement Davis based his waiver on an explicit admission that the maximum term of incarceration he faced under the indictment was 20 years, agreed that the court had jurisdiction and authority to give him any sentence up to that statutory maximum, and waived his right to contest the sentence or the manner in which it was determined. The court went over all of these terms with Davis in open court and was satisfied that he understood them and was making a voluntary and intelligent decision to plead guilty and waive any right thereafter to contest his sentence. Because Davis made the waiver knowing that he might be sentenced to up to 20 years of incarceration, the court believes the waiver is broad enough to foreclose him from using *Apprendi/Blakely/Booker* to obtain a change in his sentence, draining his § 2255 motion of any merit. *Cf. Berkey v. United States*, 318 F.3d 768, 773 (7th Cir.2003).

Assuming that the court is incorrect, and that Davis did not waive his right to file a § 2255 motion challenging his sentence based on a change in the applicable law (and that *Blakely* is a change in the applicable law, an issue discussed further

below), there are at least two alternative reasons why he nevertheless cannot obtain relief in the present proceeding. The first is that the court does not believe that *Blakely's* change to the law is available to retroactively impact a final criminal judgment in a § 2255 proceeding.[4] Before explaining why, the court digresses momentarily to address Davis' second addendum, in which he argues that *Blakely* means that the court lacked jurisdiction to impose his sentence.

■ Davis' whole purpose in making this argument is to avoid the question of retroactivity. As he states in the addendum's opening paragraph:

Jurisdiction may be raised at any time in the proceedings, including in a § 2255 motion. Jurisdiction is not subject to any kind of retroactivity decision.

As has been succinctly explained in cases like *United States v. Bjorkman*, 270 F.3d 482, 490–92 (7th Cir.2001), United States district judges always have subject-matter jurisdiction over indictments charging a violation of federal criminal laws, including the power and jurisdiction to impose sentence. *See United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Thus, that *Blakely* may mean that the court committed a sentencing error does not mean that the court lacked jurisdiction.

That conclusion puts the court back on track, which is a main line to the issue whether *Blakely* applies retroactively in collateral attacks on criminal judgments. The short and simple answer is "no." In *Curtis v. United States*, 294 F.3d 841 (7th Cir.2002), the court of appeals held that *Apprendi* does not apply retroactively in

---

4. The court notes that Davis' addenda are to be viewed as amendments to his existing motion and not as second or successive motions. *See Johnson v. United States*, 196 F.3d 802, 805 (7th Cir.1999). Thus, because his *Blakely*

argument is in his initial motion, the question of retroactivity is for this court to decide. *See Ashley v. United States*, 266 F.3d 671 (7th Cir.2001).

§ 2255 proceedings. The court explained that because *Apprendi* is all about who decides factual questions, and by what standard, it is not a new substantive principle, but instead provides new procedural rights that are not "so fundamental that any system of ordered liberty is obliged to include them," and so does not apply retroactively. *Curtis,* 294 F.3d at 843; *see Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

The court of appeals' retroactivity analysis of *Apprendi* is dispositive of this court's retroactivity analysis of *Blakely.* In *Simpson v. United States,* 376 F.3d 679, 681 (7th Cir.2004), the court of appeals explained that *Blakely* "iterates the holding in *Apprendi.*" This is an apt description, since *Blakely,* like *Apprendi,* "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful...." *Curtis,* 294 F.3d at 843. *Blakely* adds a new refinement, the clarification that the statutory maximum punishment is that which exists without the need for any additional fact-finding. *Simpson,* 376 F.3d at 681. Nevertheless, because *Blakely* is primarily concerned with the identity of the factfinder and the burden of proof to be applied to those facts which allow a particular maximum punishment, and because "[f]indings by federal district judges are adequate to make reliable decisions about punishment," *Blakely,* just like *Apprendi,* is not a "watershed" rule of criminal procedure that should be applied retroactively to cases on collateral review. *See Curtis,* 294 F.3d at 844; *Teague,* 489 U.S. at 311, 109 S.Ct. at 1075; *but cf. Apprendi,* 530 U.S. at 524, 120 S.Ct. at 2380 (O'Connor, J.

dissenting) ("Today, in what will surely be remembered as a *watershed* change in constitutional law, the Court imposes as a constitutional rule the principle" that facts increasing punishment must be charged in indictment, and found by jury beyond a reasonable doubt) (emphasis added).

This court's conclusion that it must decide whether or not *Blakely* has retroactive application in this § 2255 proceeding assumes that *Blakely* states a "new" constitutionally-required rule of procedure,[5] an assumption with which Davis, with good reason, takes exception. In *Blakely* the Court professed to be doing nothing more than "apply[ing] the rule we expressed in *Apprendi*" which the Court understood to reflect "longstanding tenets of common-law criminal jurisprudence." *Blakely,* —— U.S. at ——, 124 S.Ct. at 2536. Thus, citing the portion of the opinion in which the Court observes that its "commitment to Apprendi" demonstrates "respect for longstanding precedent," *Id.,* —— U.S. at ——, 124 S.Ct. at 2538, Davis argues that "this in itself defeats any notion that *Blakely* announced a new rule as it was 'dictated by precedent existing at the time [Petitioner's] conviction became final.'"

The internal quotation marks reflect that Davis is quoting a portion of Justice O'Connor's dissent in *Blakely,* —— U.S. at ——, 124 S.Ct. at 2549, but he omits the word "not" which appears before "dictated" in the original. In the original, Justice O'Connor, quoting *Teague,* states: "'[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Id.* As the court will attempt to explain, Davis' omission of the word "not"

---

**5.** The court also assumes that *Blakely* concerns procedure, and not substance, because, rather than placing conduct beyond the power of criminal law-making authority, see *United States v. Prevatte,* 300 F.3d 792, 801 (7th Cir.2002) (citing *Bousley v. United States,* 523

U.S. 614, 620, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998)), *Blakely* defines the "relevant" statutory maximum punishment a judge can impose for conduct defined as criminal. *See Booker,* 375 F.3d at 510.

actually captures the essence of Justice O'Connor's message, which, unless read carefully, appears to suggest that *Blakely* provides a new rule.

First, Justice O'Connor notes that while the Court has held *"a fortiori"* that *Apprendi* does not apply retroactively on collateral review, the impact of *Blakely* means that "all criminal sentences imposed under the federal and state guidelines since *Apprendi* was decided in 2000 arguably remain open to collateral attack." *Id.* This conclusion would seem to flow, as Davis advocates, from the majority's rationale that *Blakely* simply applies the rule stated in *Apprendi*, as the conclusion is true only if *Blakely* does not provide a new rule. If *Blakely* does not provide a new rule, then, just as Davis argues, any attack on a sentence (imposed after *Apprendi*) using *Blakely*-based logic does not require retroactive application of *Blakely*, but instead is merely application of the law as it existed after *Apprendi*.

However, immediately after this conclusion, Justice O'Connor makes a seemingly contradictory citation to *Teague* with the parenthetical explanation: " '[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.' " *Id.* At first blush it therefore seems that Justice O'Connor is suggesting that *Blakely* provides a new constitutional rule, and one which may ultimately be held retroactive. In that event, however, *Blakely's* potential application would be to *all* prior sentences, not, as Justice O'Connor states, only to those coming after *Apprendi.* Because this court does not think Justice O'Connor, the author of the plurality opinion in *Teague*, would contradict herself in this manner (and because her dissent in *Apprendi* previewed its impact on determinate-sentencing schemes [6]), the court understands her citation of *Teague* to signal her agreement with the majority that the *Blakely* outcome *was* dictated by *Apprendi*, and therefore *Blakely* does not state a new rule.

Thus, while Davis' view that *Blakely* does not state a new rule may very well be correct, this court must take its cues from the Court of Appeals for the Seventh Circuit, and that court has already flatly stated that "[t]he rule announced in *Blakely* is based in the Constitution and was not dictated or compelled by *Apprendi* or its progeny," and proceeded on the assumption that *Blakely* states a new rule of constitutional law. *Simpson*, 376 F.3d at 681. As a result, the court believes that its decision above that *Teague* analysis must be employed is, for now, the correct rationale providing the correct result. But if the court is wrong, and *Blakely* is, as Davis contends, nothing more than application of existing precedent, that leads to the second, and alternative, reason why Davis cannot obtain relief.

■ If existing precedent at the time of Davis' sentencing showed the court to be in error, that error could have been raised, and corrected, on direct appeal. Because a § 2255 motion is not a substitute for taking a direct appeal, Davis must show cause and prejudice for failing to appeal the court's presumed error. *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir.2002); *United States v. Barger*, 178 F.3d 844, 848 (7th Cir.1999). The reason, of course, that Davis didn't raise the issue on appeal is that he did not take an appeal, and the reason why he didn't is because in his plea agreement he waived his right to appeal, all as is explained above.

Although Davis argues that he nevertheless told his attorney to file a notice of appeal, but the attorney rendered ineffective assistance by failing to do so, that argument is, also as explained above, a

---

**6.** *Apprendi*, 530 U.S. at 550–51, 120 S.Ct. at   2394–95 (O'Connor, J., dissenting).

losing proposition. Coming essentially full-circle to the court's discussion above of the breadth and validity of Davis' plea agreement and waiver of the right to appeal or file a § 2255 motion, under the present circumstances the argument Davis would have to make (and he has not done so) is one sounding the theme that his attorney rendered ineffective assistance by persuading him to enter into a plea agreement without making a *Blakely*-type argument at sentencing and reserving the right to pursue that issue on appeal, making Davis' acceptance of that agreement less than intelligent and voluntary.

The problem with that ineffective-assistance argument is that "before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum," *Simpson,* 376 F.3d at 681, and the court of appeals has frequently stated that "[t]he Sixth Amendment does not require counsel to forecast changes or advances in the law." *Lilly v. Gilmore,* 988 F.2d 783, 786 (7th Cir.1993); *see also Valenzuela v. United States,* 261 F.3d 694, 700 (7th Cir.2001); *United States v. Smith,* 241 F.3d 546, 548 (7th Cir.2001). Thus, even if Davis made what the court sees as his most appropriate claim of ineffective assistance of counsel, he still would not meet with success.

For the foregoing reasons, Davis' § 2255 motion is summarily **DENIED** and **DISMISSED** with prejudice pursuant to RULE 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. The clerk shall enter final judgment accordingly in this collateral civil proceeding occasioned by the motion, and notify movant Davis.

**SO ORDERED.**