FILED
United States Court of Appeals
Tenth Circuit

May 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL L. RICHARDS,

Defendant-Appellant.

No. 14-3024
(D.C. Nos. 2:13-CV-02399-JWL &
2:08-CR-20040-JWL-1)
(D. Kan.)

**ORDER**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Michael Richards seeks a certificate of appealabilty (COA) to appeal the

district court's denial of his motion to vacate, set aside, or correct his sentence.

He also appeals the district court's denial of his motion to return property seized

during a search. Exercising jurisdiction under 28 U.S.C. § 1291, we DENY the

application for a COA and AFFIRM the district court's denial of the motion to

return property.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

During the execution of a warrant to search Richards's home, Kansas police found and seized drugs, drug paraphernalia, firearms, and cash. Richards was then indicted for distribution of marijuana, possession with intent to distribute marijuana, and two related firearms crimes.

The government originally offered a plea that would have required Richards to serve 20 years in prison. Richards's counsel negotiated the sentence down to 14 years in prison, but Richards rejected the plea.

A jury convicted Richards on all counts. At the sentencing hearing, the government argued that Richards should serve 180 months in prison, but the court sentenced him to a total of 144 months. Richards appealed his conviction and sentence, and we affirmed. *United States v. Richards*, 483 F. App'x 466, 468 (10th Cir. 2012).

Subsequently, Richards filed a motion for return of seized property. He acknowledged that, as a felon, he was not entitled to return of the firearms, but he moved for return of the seized cash. The district court denied the motion on the grounds that, even if the money was earned legitimately, it was commingled with the proceeds of Richards's drug crimes and therefore subject to forfeiture.

Richards simultaneously filed a 28 U.S.C. § 2255 motion to vacate his sentence, arguing that his counsel was ineffective in failing to negotiate a more

favorable plea.  He also argued that, as a result of an intervening change in the law, his sentence should be reduced.  The district court denied the § 2255 motion.

## II.  Analysis

Richards appeals the district court's denial of his § 2255 motion and his motion for return of seized property.  We separately review each issue, construing Richards's filings broadly, as we must do for *pro se* litigants.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.  *§ 2255*

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to obtain a COA before he can appeal denial of a § 2255 motion.  28 U.S.C. § 2253(c)(1)(B).  A COA requires the applicant to make a "substantial showing of the denial of a constitutional right."  § 2253(c)(2).

We first address Richards's arguments that his attorney was constitutionally ineffective because he failed to secure a suitable plea offer.  "To establish ineffective assistance of counsel, Defendant must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by the deficient performance."  *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (internal quotation marks omitted).

Richards argues that his attorney misled him, suggesting the best possible plea offer would require a 20-year prison term, and that his attorney refused to work towards a better offer.  But Richards does not dispute the government's

contention that the prosecutor made a plea offer requiring a 14-year prison term, that Richards's counsel informed him of it, and that Richards rejected it.[2] Thus, even if Richards's attorney initially informed him that a 20-year plea bargain was the best available outcome, the attorney timely informed him of the better offer, averting any prejudice.[3]

Thus, the main thrust of Richards's ineffective assistance of counsel argument seems to be that a competent attorney would have negotiated a plea requiring a shorter prison sentence. To support his argument, Richards identifies that, even after being found guilty on all counts, he was sentenced to 144 months—less than he would have served had he accepted the plea. But we cannot infer from the relative length of those sentences that Richards's attorney was constitutionally deficient. *See Moya*, 676 F.3d at 1214 (denying a COA where the

---

[2] Before the district court, both parties represented that this plea offer required a 144-month sentence. But, like the district court, we read the pleadings to refer to the same sentence as the July 20, 2010 email correspondence, which indicates that the plea would have required a 14-year sentence. *United States v. Richards*, 2013 WL 6511869 *3 at n.2 (D. Kan. Dec. 12, 2013).

[3] Richards makes a cursory reference in his brief to a plea offer requiring him to plead guilty to only one of the charges, which carried a minimum sentence of five years. Because he did not allege before the district court that such an offer was made and that his attorney failed to disclose it to him, he has waived this argument. *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). Further, we cannot conclude that, simply because the alleged offer would have required him to plead to a crime with a minimum sentence of five years, the prison term under the agreement would have been five years.

defendant "alleges no facts that would suggest that his attorney could have successfully negotiated a plea agreement" with the terms the defendant desired); *see also United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995) (holding that, in order to show counsel's failure to negotiate a more favorable plea resulted in prejudice, defendant must show a reasonable probability that the prosecution would have been willing to enter into the desired agreement and that it would have been acceptable to the court).

Nor do we accept Richards's contention that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires us to decrease or vacate the portion of his sentence attributable to his conviction for using a firearm in relation to a drug trafficking crime. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence constitutes an element of the crime that must be found by a jury beyond a reasonable doubt. *Id.* at 2155. Not only were the relevant facts here presented to the jury, but we have also determined that *Alleyne* has not "been made retroactive to cases on collateral review." *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (internal quotation marks omitted).

## B. *Return of Seized Property*

Richards separately appeals the district court's denial of his motion to return the cash seized during the search of his property. We review denial of a

motion for the return of property for abuse of discretion. *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996).

All moneys furnished in exchange for controlled substances are subject to forfeiture. 21 U.S.C. § 881(a)(6). A criminal defendant alleging procedural faults related to a forfeiture, including inadequate pre-seizure notice, must show that these faults prejudiced him by affecting his substantial rights. *Deninno*, 103 F.3d at 85. "To show that the error affected substantial rights, a defendant must show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1267 (10th Cir. 2013).

Construed broadly, Richards's claim seems to be that he was denied due process when the government failed to give him fair notice that the money was subject to forfeiture and when the district court denied his motion without conducting an evidentiary hearing.[4]

To show prejudice, Richards must show a reasonable probability that, had he been given proper notice and, accordingly, the opportunity to put on evidence, the district court would have concluded the money was not subject to forfeiture. But, in his filings, Richards, described to the district court the evidence he

---

[4] He does not appeal the district court's application of the proposition that, "under section 881(a)(6), legitimate funds are forfeitable when knowingly commingled with forfeitable funds." *United States v. One Single Family Residence Located at 15603 85th Ave. N., Lake Park, Palm Beach Cnty., Fla.*, 933 F.2d 976, 982 (11th Cir. 1991).

intended to present to prove that all but $100 of the money was earned legally. The district court concluded that, even if Richards had been able to produce that evidence, the court would have concluded that the money was subject to forfeiture under § 881.

Thus, Richards has failed to show the alleged due process violation resulted in prejudice.

## III. Conclusion

Finding that Richards has failed to make a substantial showing of the denial of a constitutional right and that the alleged due process violations did not result in prejudice, we DENY his request for a COA, AFFIRM the district court's denial of his return of property motion, and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge