EASTERBROOK, Circuit Judge.
Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holds that facts increasing a criminal defendant’s maximum permissible sentence must be established, beyond a reasonable doubt, to the satisfaction of the trier of fact (a jury unless the defendant agrees to a bench trial or formally admits the facts). Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), holds that facts increasing the minimum permissible sentence may be found by a judge on the preponderance of the evidence. But Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),' overrules Harris and holds that facts controlling both minimum and maximum sentences are in the jury’s province and covered by the reasonable-doubt standard. Richard Crayton, whose sentence became final between Harris and Alleyne, contends that. Alleyne’s rule applies retroactively on collateral review.
A jury convicted Crayton of distributing heroin. The indictment alleged that Nicole Hedges died from using Crayton’s product, which if true would increase the minimum sentence (though not constitute a new offense), but the jury could not decide unanimously whether Hedges’s death resulted from Crayton’s heroin. The district judge then found that it did. Under 21 U.S.C. § 841(b)(1)(C) this required the sentence to be at least 20 years’ imprisonment, and that’s what the district judge imposed. In the absence of the finding that Crayton’s heroin killed Hedges, the statutory range would have been 0 to 20 *624 years. The judge stated that she thought the statutory floor excessive, but she concluded that the law required her to sentence Crayton to 20 years in prison. This court affirmed. United States v. Crayton, 455 Fed.Appx. 688 (7th Cir.2011) (nonprecedential disposition).
Five months after denying Crayton’s petition for certiorari, — U.S. -, 132 S.Ct. 2379, 182 L.Ed.2d 1026 (2012), the Supreme Court granted Alleyne’s. — U.S. -, 133 S.Ct. 420, 184 L.Ed.2d_252 (2012). While Alleyne’s case was pending, Crayton filed a petition under 28 U.S.C. § 2255. The district court dismissed it without prejudice while waiting for Alleyne — an improper procedure given the time-and-number limits in § 2255, see Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005); Purvis v. United States, 662 F.3d 939 (7th Cir.2011), though neither side protested. When Crayton filed another after the Supreme Court issued its decision, the district court held that Alleyne does not apply retroactively on collateral review. (The parties treat Crayton’s current § 2255 filing as an initial petition, and as timely, despite the district court’s misstep in dismissing Cray-ton’s first petition.)
Every court of appeals that has considered the subject has concluded that Alleyne is not retroactive on collateral review. Butterworth v. United States, 775 F.3d 459 (1st Cir.2015); United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir.2014); United States v. Olvera, 775 F.3d 726 (5th Cir.2015); Jeanty v. Warden, FCI-Miami 757 F.3d 1283, 1285-86 (11th Cir.2014). Two other circuits have said the same thing in nonprecedential opinions. Rogers v. United States, 561 FedAppx. 440, 443-44 (6th Cir.2014); United States v. Richards, 567 Fed.Appx. 591, 593 (10th Cir.2014) (based on In re Payne, 733 F.3d 1027 (10th Cir.2013), which addressed § 2255(h)(2)). Our circuit held in Simpson v. United States, 721 F.3d 875 (7th Cir.2013), that Alleyne does not authorize a second or successive collateral attack under § 2255(h)(2) because only the Supreme Court can declare a decision retroactive for the purpose of that paragraph. Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). But for an initial petition, such as Crayton’s, a district judge or court of appeals may make the retroactivity decision, and that’s what Crayton asks us to do. But we conclude that the other circuits are correct. Alleyne does not apply retroactively.
Alleyne extends Apprendi from maximum to minimum sentences. Only once has the Supreme Court considered whether a decision that rests on Apprendi applies retroactively on collateral review. It held in Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), is not retroactive. Crayton maintains that Schriro is not dispositive against him, because Ring applied Apprendi to change (from judge to jury) the identity of the decisionmaker under one state’s procedure for capital punishment but did not affect that state’s allocation of the burden of persuasion (the state had used the reasonable-doubt standard all along). Crayton contends that a decision changing the burden of persuasion, as Alleyne did, is entitled to retroactive application under the criteria of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
The problem with that argument is that Apprendi itself changed both the identity of the decisionmaker and the burden of persuasion, but the Supreme Court has not declared Apprendi to be retroactive — nor has any court of appeals. We held in Curtis v. United States, 294 F.3d 841 (7th Cir.2002), that Apprendi is not retroactive *625 under the Teague standard. We concluded that two sorts of decisions are applied retroactively: those holding that the law does not (or cannot constitutionally) make particular conduct criminal, and those identifying rights “so fundamental that any system of ordered liberty is obliged to include them.” Curtis, 294 F.3d at 843. And we held that the changes made by Apprendi are not in the latter category (no one thinks them to be in the “innocence” category).
Throughout this nation’s history judges have based sentences on findings made by a preponderance of the evidence. Harris held that Apprendi had altered this approach only for maximum sentences; Alleyne disagreed and held that Apprendi logically implies using the jury (and the reasonable-doubt standard) for minimum sentences too. But neither Apprendi nor Alleyne concluded that findings on the preponderance standard are too unreliable in general to be the basis of a valid sentence. Judges routinely make .findings, based on a preponderance of the evidence, that dramatically affect the length of criminal sentences.
Consider: even if Crayton’s trial had occurred after Alleyne, and the jury had found unanimously that Crayton’s heroin did not kill Hedges, the judge still would have been entitled to sentence Crayton to 20 years in prison for distributing heroin after finding by a preponderance of the evidence that his product did kill Hedges. See United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). Alleyne did not overrule Watts or recognize a fundamental principle that sentences must rest on findings supported by proof beyond a reasonable doubt. Instead Alleyne curtails legislatures’ ability to restrict judicial discretion in sentencing. A legislature that wants to impose compulsory minimum sentences must submit the discretion-reducing facts to the jury under the reasonable-doubt standard. That principle is some distance from a rule that defendants are entitled to have all important facts resolved by the jury under the reasonable-doubt standard.
It is lawful today for a judge to increase a sentence based on facts found on the preponderance standard. “Findings by federal district judges are adequate to make reliable decisions about punishment. See Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998).” Curtis, 294 F.3d at 844. It follows, as we held in Curtis about Apprendi itself, that Alleyne is not so fundamental that it must apply retroactively on collateral review.
Crayton contends that Alleyne should be applied retroactively to his case, even if not to other prisoners’ cases, because the district judge made it clear that she would not have given him a 20-year sentence but for her belief (correct at the time of sentencing, given Harris) that a minimum sentence may be increased by judicial findings. That is to say, in the post-Alleyne world the judge still would have found by a preponderance of the evidence that Cray-ton’s heroin killed Hedges, but the sentence would have been under 20 years. But all this does is show that Alleyne would have affected the outcome, had the decision been rendered earlier; it does nothing to change the standard for retro-activity. Under Teague decisions apply retroactively, or they do not; the Supreme Court has never suggested that new procedural rules apply retroactively to some petitioners but not others.
Affirmed