In the

# United States Court of Appeals
### For the Seventh Circuit

No. 14-3513

JIMMIE DARRELL POE, SR.,

*Petitioner-Appellant,*

*v.*

LEANN LARIVA, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division
No. 2:14-cv-00324 — **William T. Lawrence**, *Judge.*

ARGUED APRIL 7, 2016 — DECIDED AUGUST 22, 2016

Before EASTERBROOK, KANNE, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* In 1996, a jury convicted Petitioner Jimmie Poe of several narcotics-related offenses, including engaging in a continuing criminal enterprise ("CCE"). On June 1, 1999, the Supreme Court decided *Richardson v. United States*, 526 U.S. 813 (1999), which rendered the CCE jury instructions used in Poe's trial erroneous.

Poe petitioned, on July 16, 1999, for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his conviction under *Richardson*. Fourteen months later, the district court dismissed Poe's § 2241 petition without prejudice, because he should have filed under 28 U.S.C. § 2255. On June 18, 2001, Poe petitioned for a writ of habeas corpus, pursuant to § 2255, which was subsequently denied as time-barred. We affirmed the district court's denial of Poe's § 2255 petition in *Poe v. United States*, 468 F.3d 473 (7th Cir. 2006).

On October 28, 2014, Poe filed a new § 2241 petition, challenging his conviction and sentence in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The district court denied his petition, again for not filing it under § 2255, and he appealed. We affirm.

## I. BACKGROUND

We begin with a brief synopsis of *Poe v. United States*, which makes up the early background of Poe's case. We then summarize the present case, which relates to his § 2241 petition, filed on October 28, 2014.

### A. Poe v. United States

In 1996, Poe was charged with various narcotics-related offenses, including engaging in a CCE, in violation of 21 U.S.C. § 848(c). At Poe's trial, the district court provided the following jury instructions to find violation of the CCE statute: "You must unanimously find that the defendant committed at least two violations of the federal drug laws, *but you do not have to agree on which two violations*." *Poe v. United States*, 468 F.3d at 475 (emphasis in original and internal quotation marks omitted). The jury convicted Poe of one count of CCE and nine other counts of narcotics-related offenses, and the

district court sentenced him to 360 months' imprisonment. This court affirmed on direct appeal.

On June 1, 1999, the Supreme Court decided *Richardson*, which held that for a CCE conviction under § 848(c), the underlying individual violations are elements of the CCE and therefore require jury unanimity. 526 U.S. at 824. In light of *Richardson*, the jury instructions used in Poe's trial were erroneous.

On July 16, 1999, Poe filed a § 2241 petition, challenging his CCE conviction under *Richardson*. Fourteen months later, on September 19, 2000, the district court dismissed Poe's § 2241 petition as procedurally improper, without prejudice, and advised him to file a § 2255 petition, which he did so on June 18, 2001. Twenty-one months later, on March 17, 2003, the district court denied Poe's § 2255 petition as untimely. Poe appealed, and this court granted him a certificate of appealability.

On November 6, 2006, this court decided *Poe v. United States*, affirming the denial of Poe's § 2255 petition. 468 F.3d at 478. In that decision, we began by determining that Poe's § 2255 motion was untimely. *Id.* at 476. We then held that "[t]here is no legal basis for Poe to claim he was *entitled* to have his improper § 2241 petition construed as a § 2255 motion for purposes of AEDPA's statute of limitations." *Id.* at 477 (emphasis in original). In conclusion, we noted that even if Poe's § 2255 petition had been timely, it would have "run up against this circuit's case law holding *Richardson* error to be harmless where the jury unanimously convicted the defendant of two or more separate drug offenses along with the CCE offense. … Poe was separately convicted of five felony counts

of distributing marijuana or possessing marijuana with intent to distribute." *Id.* at 478 n. 8. (citations omitted).

### B. Current 28 U.S.C. § 2241 Petition

We now consider the present case. On June 17, 2013, the Supreme Court decided *Alleyne*, which held that any fact that increases the mandatory minimum of a sentence is an element of the crime that must be submitted to the jury. 133 S. Ct. at 2162–63. On October 28, 2014 Poe filed another § 2241 petition, claiming that, because the jury never found him guilty of an element of 21 U.S.C. § 838(c), his CCE conviction and sentence were unconstitutional in light of *Alleyne*.

On November 3, 2014, the district court summarily denied Poe's § 2241 petition. The district court explained that a federal prisoner may only use a § 2241 petition if § 2255 is "inadequate or ineffective," which, in turn, requires reliance on "a new case of statutory interpretation rather than a constitutional decision." (R. 3 at 2.) The district court declared that *Alleyne* was a constitutional decision and it "may not be applied retroactively to cases on collateral review." (*Id.*) Poe's § 2241 petition was denied, and he appealed.

On July 21, 2015, this court granted a certificate of appealability and directed the parties to "address the bearing of *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), *Crayton v. United States*, No. 13-2548, 2015 WL 3895767 (7th Cir. June 25, 2015), and *Persaud v. United States*, 134 S. Ct. 1023 (2014) (mem.)."

## II. ANALYSIS

On appeal, Poe argues that the district court erred in its denial of his § 2241 petition. Alternatively, he contends that

his § 2241 petition should be treated as a request to file a successive § 2255 petition.

### A. 28 U.S.C. § 2241

Poe's primary claim is that the district court erred in its denial of his § 2241 petition, which relied on *Alleyne*. "We review the denial of a § 2241 petition de novo." *Caraway*, 719 F.3d at 586.

"Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255." *Id.* Section 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence."

A federal prisoner, however, may file a petition under § 2241, if the remedy under § 2255 is "'inadequate or ineffective to test the legality of his detention.'" *Caraway*, 719 F.3d at 586 (quoting 28 U.S.C. § 2255(e) ("Savings Clause")). This generally requires "a structural problem in § 2255 [that] forecloses even one round of effective collateral review," unrelated to the petitioner's own mistakes. *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

Here, Poe's claim fails because he cannot demonstrate that there is a structural problem with § 2255 that is preventing him from seeking relief to which he is entitled.

One circumstance under which this court has permitted resort to § 2241 is under the following three-condition test, established in *In re Davenport*, 147 F.3d 605, 610–12 (7th Cir. 1998):

> First, the prisoner must show that he relies on a statutory-interpretation case, rather than a constitutional case. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. The third condition is that [the] sentence enhancement … have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding.

*Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (alteration in original) (citations and internal quotation marks omitted).

Poe cannot show that *Davenport* permits him to use § 2241 to contest his detention. Poe's § 2241 petition fails the first *Davenport* condition because *Alleyne* is a constitutional case, not a statutory-interpretation case. This court has expressed clearly that "*Alleyne* establishes a new rule of constitutional law." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Poe contends that *Caraway* misreads *Davenport*, asserting that *Davenport* does not actually preclude use of § 2241 for a constitutional case. This contention is meritless. The *Davenport* conditions for § 2241 were based on an assessment of the essential functions of habeas corpus and limitations of the remedy under § 2255. 147 F.3d at 609. *Davenport* explicitly noted that § 2255 "gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, as defined in the section" such as "a new and retroactive rule of constitutional law." *Id.*

at 610. The *Davenport* court was referring to § 2255(h), which allows a "[a] second or successive motion" for "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Because § 2255(h) already provides a remedy for new constitutional cases, these types of cases would not fall under the Savings Clause, which is available only if the remedy under § 2255 is "inadequate or ineffective." Where *Davenport* recognized a structural problem in § 2255(h) is in the fact that it did not permit a successive petition for new rules of *statutory* law made retroactive by the Supreme Court. Thus, *Caraway* did not misread *Davenport*.

Poe's § 2241 petition also fails the second *Davenport* condition because *Alleyne* is not retroactive. This court has held unambiguously that "*Alleyne* does not apply retroactively." *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015). This is because "[t]he declaration of retroactivity must come from the Justices. The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (citations omitted). Moreover, including this court, "[e]very court of appeals that has considered the subject has concluded that *Alleyne* is not retroactive on collateral review." *Crayton*, 799 F.3d at 624 (collecting cases). Poe does not provide any persuasive reason to disturb this court's rule that *Alleyne* is not retroactive, so it shall remain in place.

Nor can Poe point to any other authorities that would grant him the ability to file a § 2241 petition. The authorities mentioned in our grant of a certificate of appealability cannot

sustain Poe's claim. *Persaud*, 134 S. Ct. at 1023, and *Caraway*, 719 F.3d at 587–89, stand for the proposition that a prisoner can challenge his sentence through a § 2241 petition, as Poe does here. But these two cases provide no further help to Poe. As discussed, *Crayton* actually cuts against Poe's claim because it reiterates the *Davenport* conditions for a § 2241 petition, which Poe fails to meet. 799 F.3d at 624–25.

*Webster* also cannot assist Poe. In *Webster*, this court held that "there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty." 784 F.3d at 1139. *Webster*, however, is inapplicable to the present case because Poe's § 2241 petition does not involve a claim of new evidence—instead, he raises a claim under *Alleyne* that the jury did not find him guilty of an element of CCE.

Poe contends that *Webster* stands for the proposition that "the savings clause of § 2255(e) permit[s] a federal prisoner to resort to a petition under § 2241 because the United States Supreme Court established that the Constitution itself forbade the sentence imposed." (Appellant Br. 6.) This reading of *Webster* is too broad. *Webster* stemmed from a structural problem in § 2255—the defendant could not have used § 2255 at the time of *Atkins v. Virginia*, 536 U.S. 304 (2002), because he did not have the new evidence of his social security records, *Webster*, 784 F.3d at 1134, and he could not use the new evidence when discovered because, under the Fifth Circuit's rule, § 2255(h)(1) required evidence of innocence of the *offense*, not of the penalty, *id* at 1135. Additionally, there is nothing in *Webster* to suggest that its holding applies outside the context of new evidence. Indeed, the *Webster* court took great care to assure that its holding was narrow in scope—"[i]t will be a

*rare* case where records that *predate* the trial are found much later, despite diligence on the part of the defense, and where those records bear directly on the constitutionality of the death sentence." 784 F.3d at 1140 (first emphasis added).

In contrast to *Webster*, Poe was unable to bring his *Richardson* claim because *he* filed the wrong petition under § 2241 and his subsequent petition under § 2255 was untimely. Unlike *Webster*, Poe's case involves neither a structural problem with § 2255, nor new evidence. Hence, *Webster* does not help Poe.

On a final note, Poe makes various attempts to improperly shoehorn his *Richardson* claim into his § 2241 petition, which relied on *Alleyne*. His argument essentially runs as follows: *Richardson* has been applied retroactively, and because there exists a "nexus" between *Alleyne* and *Richardson*, *Richardson*'s retroactivity should allow Poe's *Alleyne* claims to proceed under § 2241. (Appellant Br. 13–14.) Poe's argument makes no sense. In asserting such a "nexus," it appears that Poe is trying combine *Richardson*'s retroactivity and statutory interpretation with *Alleyne*'s recent timing to fulfill the requirements for § 2241. A petitioner may not "cherry-pick" aspects of legally unrelated Supreme Court cases in order to overcome AEDPA's procedural requirements. Therefore, we reject Poe's attempts.

### B. 28 U.S.C. § 2255

In the alternative, Poe requests that this court construe his petition as a request for leave to file a successive § 2255 petition.

But construing Poe's petition as a successive one under § 2255 would be futile, which Poe concedes. (Appellant Br. 14.) As discussed, § 2255 allows a successive motion for "a

new rule of constitutional law, made *retroactive* to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added). But we have held that "*Alleyne* is not retroactive on collateral review." *Crayton*, 799 F.3d at 624; *see also Simpson*, 721 F.3d at 876. Thus, if Poe filed a successive § 2255 petition relying on *Alleyne*, it would be futile.

### III. CONCLUSION

For the foregoing reasons, the district court's denial of Poe's petition for a writ of habeas corpus is AFFIRMED.