NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 7, 2016
On Petition for Rehearing and Rehearing En Banc

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3608

| | |
|---|---|
| MICHAEL G. GAMBOA, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 1:14-cv-01373-JES |
| | |
| JEFFREY KRUEGER, | James E. Shadid, |
| *Respondent-Appellee*. | *Chief Judge*. |

**O R D E R**

We grant Michael Gamboa's petition for rehearing to the extent that we vacate our order of February 25, 2016, and replace it with this order. No judge in active service has called for a vote on Gamboa's request for rehearing en banc; that request is denied.

In 2002 Gamboa was convicted after a jury trial in the District of North Dakota of seven offenses involving firearms, narcotics possession, and conspiracy to traffic methamphetamine. Together with concurrent lesser sentences, Gamboa was sentenced to two concurrent life sentences for the conspiracy and intent to distribute counts, plus a consecutive life sentence for possessing a firearm in furtherance of a drug trafficking, plus a consecutive 30-year sentence for possessing a machinegun.

Gamboa has, on several occasions, unsuccessfully challenged his 30-year machinegun sentence. On appeal Gamboa argued that, under *Castillo v. United States*, 530 U.S. 120 (2000), the jury, not the judge, should have determined whether his firearm was a machinegun for sentencing purposes under 18 U.S.C. § 924(c)(1). But the Eighth Circuit concluded that *Castillo* had interpreted the pre-1998 version of § 924(c)(1), and that under the amended § 924(c)(1), which applied to Gamboa, "the question of whether a firearm is also a 'machinegun' relates to a sentencing factor that is properly determined by a judge upon a preponderance of the evidence." *United States v. Gamboa*, 439 F.3d 796, 810–11 (8th Cir. 2006), *cert. denied,* 549 U.S. 1042 (2006). The following year Gamboa again raised the § 924(c)(1) sentencing issue (among 47 grounds of relief) in an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255. No. 09-1781 (8th Cir. Oct. 20, 2009) (denying a certificate of appealability).

After Gamboa's § 2255 motion failed, the Supreme Court decided *United States v. O'Brien*, 560 U.S. 218 (2010), holding that the reasoning of *Castillo* applies to the amended version of § 924(c)(1) and thus the machinegun provision is an element of the offense that must be proven to the jury beyond a reasonable doubt. *Id*. at 224, 235. *O'Brien*, therefore, abrogated the contrary portion of the Eighth Circuit's decision affirming Gamboa's convictions. More than two years after *O'Brien* was decided, Gamboa filed a second § 2255 motion, this time arguing that *O'Brien* had invalidated his § 924(c) conviction. That motion was dismissed as an unauthorized successive collateral attack. No. 13-2674 (8th Cir. Oct. 20, 2013) (affirming dismissal). The Eighth Circuit also denied Gamboa's application for authorization under 28 U.S.C. § 2244(b)(3) to file a successive § 2255 motion, in which he had proposed raising an unrelated issue. No. 12-3864 (8th Cir. Mar. 28, 2013).

After being transferred to the penitentiary in Pekin, Illinois, Gamboa filed the current petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that, under *O'Brien* and *Castillo*, his mandatory life and 30-year consecutive sentences should be vacated because the judge, and not the jury, decided that his firearm was a machinegun. The district court dismissed the petition, holding that Gamboa's claim did not meet the requirements for using the savings clause of § 2255(e) because *Castillo* was decided in 2000 and so this argument was available to him—and in fact was raised—in his initial collateral attack. Plus, the court continued, *O'Brien* and *Castillo* did not decriminalize any element of his offenses, nor do those decisions apply retroactively on collateral review.

We agree with the district court that Gamboa's claim does not fall under the savings clause of § 2255(e), which provides that a federal prisoner may file a § 2241

petition only if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See also Poe v. LaRiva*, No. 14-3513, 2016 WL 4434552, at *2 (7th Cir. Aug. 22, 2016); *Montana v. Cross*, No. 14-3313, 2016 WL 3910054, at *6 (7th Cir. July 19, 2016); *Light v. Caraway*, 761 F.3d 809, 812–13 (7th Cir. 2014); *In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998). Although Gamboa's *Castillo* argument was unsuccessful on direct appeal and in his first § 2255 motion, the Supreme Court's 2010 decision in *O'Brien* does not help him. Like *Castillo*, *O'Brien* simply allocates decision-making authority regarding elements of the offense to the jury, thereby repeating an established procedural rule that does not apply retroactively in collateral attacks. *See United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) ("*Apprendi* constitutes a procedural rule because it dictates what fact-finding procedure must be employed to ensure a fair trial."); *see also Crayton v. United States*, 799 F.3d 623, 624–25 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 424 (2015) (concluding, like all other circuits to consider the question, that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), does not apply retroactively); *Curtis v. United States*, 294 F.3d 841, 842–43 (7th Cir. 2002) (explaining that *Apprendi* announced procedural rule that does not apply retroactively). Because *O'Brien* did not announce a rule that applies retroactively, Gamboa's § 2241 petition must fail. *See Poe*, No. 14-3513, 2016 WL 4434552, at *3.

The judgment of the district court is **AFFIRMED**.