BLD-213                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1121
_____

ANTONIO ROSELLO,
                    Appellant

v.

WARDEN F.C.I. ALLENWOOD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cv-01580)
District Judge: Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 17, 2017
Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: May 24, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Antonio Rosello, a federal prisoner currently confined in FCI-Allenwood, has appealed the order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for habeas corpus under 28 U.S.C. § 2241. The Government has filed a motion for summary affirmance. For the reasons set forth below, we will grant the Government's motion and summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1996, Rosello was convicted in the United States District Court for the Southern District of Florida of numerous offenses, including Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). See S.D. Fla. 1:95-cr-0114. He was sentenced to a total of 45 years' imprisonment. He appealed, and the Eleventh Circuit affirmed. In 2002, Rosello filed a motion under 28 U.S.C. § 2255 in the Southern District of Florida. The District Court denied the motion on the merits, and the Eleventh Circuit denied his request for a certificate of appealability.

In 2016, Rosello filed an application in the Eleventh Circuit requesting permission to file a second or successive motion under § 2255. He sought to challenge his conviction under § 924(c) based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague.[1]

---

[1] A defendant is subject to ACCA's enhanced punishment if he has three or more previous convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The statute defines "violent felony" to cover a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is

135 S. Ct. at 2557.  Rosello argued that § 924(c)'s residual clause is also unconstitutionally vague,[2] that his predicate offenses of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery consequently no longer qualified as "crimes of violence," and that he is therefore innocent of the § 924(c) offense.  The Eleventh Circuit denied the application.  See C.A. No. 16-13529.  The Court concluded that § 924(c)'s residual clause—the only part of the statute that was arguably affected by Johnson—was not implicated because Rosello's conviction for Hobbs Act robbery satisfied § 924(c)'s separate elements clause.  Therefore, the Court ruled that Rosello had not made a prima facie showing that Johnson undermined his § 924(c) conviction.

Rosello then filed the petition under § 2241 that is at issue in this appeal.[3]  He raised the same Johnson-based challenge to his § 924(c) conviction that he asserted in his

_____

burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  § 924(e)(2)(B) (emphasis added).  The underlined portion of subpart (ii) is known as the "residual clause."

[2] Section 924(c) provides sentences for, as relevant here, "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  § 924(c)(1)(A).  The statute then provides that "'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  § 924(c)(3).  Subsection (A) is known as the "elements clause" and subsection (B) is known as the "residual clause."  We have not yet decided whether § 924(c)'s residual clause is void for vagueness under Johnson.  See United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016).

[3] Venue was proper in the District Court here because Rosello is incarcerated within the Middle District of Pennsylvania.  See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

§ 2244 application in the Eleventh Circuit. The District Court dismissed the petition, concluding that Rosello's claim could be raised only, if at all, in a § 2255 motion. Rosello then filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Rosello argues that this exception applies here. He relies on our decision in Dorsainvil, where we ruled that a petitioner can use § 2241 if he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in

4

substantive law may negate." 119 F.3d at 251. However, the petitioner in Dorsainvil was categorically unable to pursue his claim in a second or successive § 2255 motion because the intervening Supreme Court decision he relied on[4] "did not establish a new rule of constitutional law"—as § 2255(h)(2) requires—"but simply interpreted a substantive criminal statute." Id. at 247-48; see also Bruce, 868 F.3d at 179 ("the saving clause permits a prisoner to challenge his detention when a change in statutory interpretation raises the potential that he was convicted of conduct that the law does not make criminal"); Poe v. LaRiva, 834 F.3d 770, 773 (7th Cir. 2016) ("Because § 2255(h) already provides a remedy for new constitutional cases, these types of cases would not fall under the Savings Clause, which is available only if the remedy under § 2255 is 'inadequate or ineffective.'").

Rosello's Johnson claim, meanwhile, is precisely the type of constitutional claim that can be pursued in a second or successive § 2255 motion. Rosello complains that the Eleventh Circuit improperly rejected the merits of his claim in denying authorization to file a second or successive motion, but this just points up the fact that no "limitation of scope or procedure" prevented him from receiving a full adjudication. Indeed, the Eleventh Circuit has previously granted similar applications. See, e.g., In re Gomez, 830 F.3d 1225, 1227-28 (11th Cir. 2016); In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016) (per curiam). The fact that the Eleventh Circuit concluded that Rosello's claim lacked

---

[4] Bailey v. United States, 516 U.S. 137 (1995).

merit does not render § 2255 inadequate or ineffective.  See Gardner v. Warden

Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017).

Accordingly, we will grant the Government's motion and summarily affirm the

District Court's judgment.[5]

---

[5] Rosello has also filed a "Motion to Supplement Pleading Pursuant to Fed. R. Civ. P. 15(d)," in which he discusses the Supreme Court's recent decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018).  However, notwithstanding Dimaya, for the reasons discussed above, § 2241 is not the appropriate vehicle for Rosello to use to pursue his claims.  To the extent that Rosello seeks any further relief in his motion (beyond merely asking us to consider Dimaya), the motion is denied.