In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2381

JASON M. LUND,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 16-CV-119 — **J.P. Stadtmueller**, *Judge.*

ARGUED OCTOBER 25, 2017— DECIDED JANUARY 17, 2019

Before KANNE and SYKES, *Circuit Judges,* and DARROW, *District Judge.*[*]

DARROW, *District Judge.* Petitioner Jason Lund appeals the denial of his motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. The district court concluded that Lund's motion was untimely under each of the

[*] Of the Central District of Illinois, sitting by designation.

potential statutes of limitations and that Lund could not invoke the actual innocence exception to the statute of limitations because his claim of actual innocence was based on a case that interpreted the substantive law of his conviction: *Burrage v. United States*, 571 U.S. 204 (2014). Lund challenges only this conclusion, arguing that a claim of actual innocence can be based on a change in the law. To resolve this case, however, we need not rule on this issue. Even assuming actual innocence can be premised on a change in the law, Lund cannot take advantage of the exception because he rests both his actual innocence claim and his claim for relief on *Burrage*. We affirm.

I.      *Background*

In 2008, Jason Lund and thirty others were charged via federal indictment with conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The indictment alleged that the conspiracy resulted in overdose deaths of five individuals, including Andrew Goetzke and David Knuth, in violation of 21 U.S.C. § 841(b)(1)(A). Lund pleaded guilty to the single-count indictment, but denied responsibility for the deaths of Goetzke and Knuth, arguing that he had withdrawn from the conspiracy prior to their deaths. The district court judge rejected that argument and sentenced him in accordance with the twenty-year mandatory minimum—sometimes referred to as the "death results" enhancement or penalty—under § 841(b)(1)(A). Lund appealed and his sentence was affirmed. *United States v. Walker*, 721 F.3d 828, 841 (7th Cir. 2013), *judgment vacated on other grounds*, *Lawler v. United States*, 572 U.S. 1111 (2014) (mem.). He did not file a petition for a writ of certiorari, so his sentence became final on October 1, 2013.

On February 1, 2016, Lund filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on two changes in the law occurring after his conviction. *See Burrage*, 571 U.S. at 211; *Alleyne v. United States*, 570 U.S. 99, 102 (2013). In *Burrage*, 571 U.S. at 211, the Supreme Court held that finding a defendant guilty of the "death results" penalty "requires proof 'that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct.'" (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346–47 (2013)). This but-for causation rule applies retroactively. *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016). In essence, Lund argued that under *Burrage*, he is actually innocent of the "death results" enhancement because the heroin he provided to Goetzke and Knuth was not the but-for cause of their deaths. Dist. Ct. Order 7, Br. Appellant App. 1–15. *Alleyne*, which concerns who must determine a fact that increases the mandatory minimum, is not retroactive, *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015), so the district court denied any relief based on *Alleyne*, Dist. Ct. Order 9.[1]

The government moved to dismiss the motion as untimely. The district court found that there was no statutory basis to find his petition timely—it was filed more than a year after his conviction became final, 28 U.S.C. § 2255(f)(1); more than a year after the Supreme Court decided *Burrage*, *id.* § 2255(f)(3); and more than a year after the evidence he presented could have been discovered, *id.* § 2255(f)(4). Dist. Ct. Order 4–7. The district court held that Lund was not entitled

---

[1] Lund concedes on appeal that *Alleyne* is not retroactive, so it is "of limited use now." Br. Appellant 25.

to equitable tolling. *Id.* at 12–13.[2] It also held that he was unable to use the actual innocence gateway exception to the statute of limitations, which would allow the court to hear his otherwise barred claims, because this Court had not determined "that an intervening change in law supports a claim of actual innocence." *Id.* at 10. The court did not reach the merits of Lund's claims, but it granted him a certificate of appealability. This appeal followed.

II.     *Discussion*

We review the district court's legal conclusions de novo. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). Lund raises one legal issue: whether an intervening change in law can serve as the basis for an actual innocence claim.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see Schlup v. Delo*, 513 U.S. 298, 317 (1995) (holding that a petitioner who procedurally defaults his claims can overcome the procedural bar if he successfully raises a claim of actual innocence—that is, if he "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result"). The actual innocence gateway exception is "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quoting *McCleskey v. Zant*, 499 U.S. 467, 502 (1991)). To establish actual innocence, "a petitioner must show that it is more likely than not that no

---

[2] Lund does not challenge the district court's ruling on equitable tolling, so we do not address it.

reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

The actual innocence exception certainly applies where the petitioner has new evidence, like DNA evidence. *See House v. Bell*, 547 U.S. 518, 537 (2006). But this Court has never explicitly held that it can be used in situations where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal. *See Gladney v. Pollard*, 799 F.3d 889, 897 (7th Cir. 2015).

We need not take a position on this issue, because even assuming that actual innocence could be predicated on a case substantively interpreting the law under which a petitioner was convicted, it would not extend to this case.

Lund is attempting to use *Burrage* as his claim for actual innocence and his claim for relief on the merits. This is a problem for two reasons. First, it is "doubtful" that a petitioner's actual innocence claim and claim for relief on the merits can be the same. *See Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018). And second, even if it can, in this situation it would completely undermine the statute of limitations for bringing initial § 2255 motions within one year from the date a new right is recognized by the Supreme Court.

The actual innocence exception is merely a gateway through which a court can consider a petitioner's otherwise barred claims on their merits. *See Herrera*, 506 U.S. at 404–05. Framing the exception as a gateway presupposes that a petitioner will have underlying claims separate from the claim that he is actually innocent. "The Supreme Court has not recognized a petitioner's right to habeas relief based on a standalone claim of actual innocence." *Gladney*, 799 F.3d at 895.

Moreover, "[t]he point of the exception is to ensure that 'federal constitutional errors do not result in the incarceration of innocent persons.'" *Perrone*, 889 F.3d at 903 (quoting *Herrera*, 506 U.S. at 404). This suggests that the underlying claim must be a constitutional claim, rather than a statutory claim like *Burrage*.

Lund argues that he does not need to bring a separate constitutional claim because *Burrage* is itself cognizable in § 2255 proceedings. By contrast, he argues, a state prisoner would need to bring an underlying constitutional claim because neither a claim of actual innocence based on new evidence nor a claim based on a state law error would be cognizable in a § 2254 proceeding. We do not find this persuasive. The Supreme Court has never mentioned a difference in the purpose or application of the actual innocence exception between § 2254 and § 2255 proceedings. Therefore, we concur that it is "doubtful" that Lund's *Burrage* claim could be both his argument for actual innocence and his claim for relief. *See id.* at 902–03 (holding that the parties' assumption that a claim of actual innocence based on *Burrage* could do "double duty" was "doubtful").

Lund also argues that he has raised underlying constitutional claims. We disagree. Lund claims that his pro se pleadings should have been construed to include an ineffective assistance of counsel claim. In his reply brief below, he argued that his "main cause for not putting forth [a] petition in light of the Supreme Court's decision in Alleyne [wa]s Ineffective Assistance of Counsel." Reply Br. Pet'r 2, ECF No. 8;[3] *see id.* at 3 ("With these facts in mind, if the court were to enforce

---

[3] This ECF number refers to the district court's docket.

procedural default/untimeliness, the result would be a fundamental miscarriage of justice."). The district court held that Lund "d[id] *not* assert an ineffective assistance of counsel claim in his petition." Dist. Ct. Order 3 n.3. It read Lund's argument regarding his attorney's effectiveness to relate only to his position that his claims should have been equitably tolled. *Id.* Lund asserts that the district court should have construed his reference to ineffective assistance of counsel as a request to amend his § 2255 claim to include a separate ineffective assistance of counsel claim, which then should have been granted.

The district court did not err. True, pro se pleadings must be liberally construed, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), but Lund never indicated—neither in the title of his response, nor its substance—that he was seeking to add a claim. Instead, it appears from his pro se filings that he was seeking to use ineffective assistance of counsel as cause to excuse his procedural default and untimeliness. Therefore, the district court need not have construed Lund's response as a request to amend.[4]

More to the point, allowing *Burrage* to serve as both Lund's basis for actual innocence and his claim for relief on the merits directly contracts a Congressionally-imposed statute of limitations. *McQuiggin*, 569 U.S. at 386, involved the time limit in 28 U.S.C. § 2244(d)(1)(D), which starts the clock

---

[4] Lund also argues that his motion should have been construed to include a Due Process claim based on *Burrage*. We will not consider this argument because it was raised for the first time in his reply brief, *see United States v. Wescott*, 576 F.3d 347, 354 (7th Cir. 2009), and because it was not raised below, *see Freeland v. Enodis Corp.*, 540 F.3d 721, 731 (7th Cir. 2008).

for the one-year limitation on the date when the facts of the claim could have been discovered. Lund's *Burrage* claim, by contrast, is barred by the statute of limitations which prohibits petitioners from bringing habeas claims based on rights recognized by the Supreme Court, and made retroactively applicable to cases on collateral review, more than one year after the right was recognized by the Court. *See* 28 U.S.C. § 2255(f)(3).

In *McQuiggin*, 569 U.S. at 397, the Supreme Court explained that, as there is "no clear command [in § 2244(d)(1)] countering the courts' equitable authority to invoke the miscarriage of justice exception," it survived the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), at least as it relates to the statutes of limitations contained within that section. The Court noted, however, that other provisions of AEDPA did contain language modifying the actual innocence exception. *Compare Schlup*, 513 U.S. at 327 ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."), *with* § 2244(b)(1)(B) (providing that a claim presented in a successive habeas petition that was not presented in a prior § 2254 petition will be dismissed unless the facts establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense).

Likewise, here, there is a clear statutory command limiting courts' equitable discretion to use the actual innocence gateway to excuse failure to comply with § 2255(f)(3). Congress set a one-year limit for petitioners to bring § 2255 motions based on new rights recognized by the Supreme Court. Allowing a claim like *Burrage* to serve as both the basis for actual

innocence and the basis for relief would render this statute of limitations superfluous, at least as it applies to newly recognized statutory rights. Every time there is a retroactive interpretation of a criminal law, petitioners convicted under it would have an initial § 2255 claim based on the new interpretation indefinitely.

We affirm the district court's decision denying Lund's § 2255 motion as untimely. Lund's § 2255 motion was concededly untimely and we hold that he cannot use the actual innocence gateway to overcome the statute of limitations in this case.