NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019*
Decided September 20, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2444

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 97-cr-510-18 |
| JAMES A. YATES, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

James Yates, a federal prisoner, appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. We affirm.

Yates was a high-ranking "governor" of the Gangster Disciples, and in that capacity directed cocaine sales for the gang and ordered violence to enforce its

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

hierarchy. A jury found him guilty of engaging in a continuing criminal enterprise, *see* 21 U.S.C. § 848(a), and the district judge sentenced him to a statutory mandatory term of life in prison under § 848(b). We affirmed Yates's conviction and sentence on direct appeal. *See United States v. Jackson*, 207 F.3d 910, 919–20, 922 (7th Cir.), *cert. denied in part*, 531 U.S. 953 (2000).

Yates later moved to reduce his sentence under § 3582(c)(2). He relied on Amendment 782, which lowered the base offense level for nearly all drug crimes, including convictions for a continuing criminal enterprise that involved cocaine. The district judge denied Yates's request because his sentence was set by a statutory minimum, so Amendment 782 was irrelevant.

On appeal from that denial, Yates generally argues that the amendment changed his guidelines range, so the statutory minimum no longer applies. But he misapprehends § 3582(c)(2), which authorizes a district court to reduce a sentence based on a guidelines range subsequently lowered by the Sentencing Commission. *See Koons v. United States*, 138 S. Ct. 1783, 1788–89 (2018); *Dillon v. United States*, 560 U.S. 817, 825–26 (2010). Because Yates's sentence was set by a statutory minimum, it was not "based on" a guidelines range that later changed. The Commission did not alter the statutory minimum under § 848(b), so his sentence cannot be reduced under § 3582(c)(2).

Yates also argues that his sentence must be reduced because it was based on facts that increased the statutory minimum sentence (i.e., his leadership role and the drug quantity) without having been submitted to a jury. *See Alleyne v. United States*, 570 U.S. 99, 108 (2013). But § 3582(c)(2) does not authorize a plenary resentencing nor "implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Dillon,* 560 U.S. at 825, 828. In any event, *Alleyne* does not apply retroactively, so Yates may not use it to collaterally attack his sentence. *See Crayton v United States*, 799 F.3d 623, 624 (7th Cir. 2015).

AFFIRMED