**Freddie CAMACHO, Petitioner-Appellant,**

v.

**Nicole ENGLISH, Warden, Respondent-Appellee.**

No. 16-3509

United States Court of Appeals, Seventh Circuit.

Argued May 23, 2017

Decided August 22, 2017

Rehearing and Rehearing En Banc Denied October 17, 2017

Freddie Camacho, Pro Se, for Petitioner-Appellant.

Barbara L. Oswald, Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Madison, WI, for Respondent-Appellee.

Before BAUER, EASTERBROOK, and RIPPLE, Circuit Judges.

BAUER, Circuit Judge.

Petitioner-appellant Freddie Camacho, a federal prisoner incarcerated in Oxford, Wisconsin, appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that he may pursue relief under § 2241 because 28 U.S.C. § 2255 is an inadequate or ineffective remedy.

## I. BACKGROUND

In 1998, Camacho was convicted by a jury in the Southern District of Texas of kidnapping, in violation of 18 U.S.C. § 1201(a). The kidnapping victim was later found dead. Section 1201(a) includes a provision stating that the commission of a kidnapping "shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment." The district court sentenced Camacho to life imprisonment under U.S.S.G. § 2A4.1(c), which cross-references the Sentencing Guidelines for murder, and to five years of supervised release. The Fifth Circuit affirmed his conviction and sentence. Camacho filed a petition for writ of certiorari to the United States Supreme Court, which was denied on June 1, 1999.

Camacho filed a § 2255 petition on July 31, 2002, arguing that because murder was not charged, submitted to the jury, or proven beyond a reasonable doubt, his due process rights were violated, and the court

lacked authority to impose a life sentence. On September 29, 2003, the district court denied the motion and declined to issue a certificate of appealability. The Fifth Circuit also declined to issue a certificate of appealability.

On June 24, 2014, Camacho sought leave to file a successive § 2255 motion, relying upon *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Burrage v. United States*, —— U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), to argue that his life sentence was unconstitutional. The Fifth Circuit denied his motion on August 19, 2014. On June 24, 2015, Camacho filed a § 2241 petition in the Western District of Wisconsin. He again argued that under *Burrage* his life sentence was unlawful because the jury was not asked to determine whether Camacho's conduct caused the death of the victim. The district court denied the petition on September 12, 2016, finding: (1) *Burrage* did not apply to Camacho's case; and (2) the petition did not meet the criteria for collateral review under *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

Camacho filed a notice of appeal and a motion for reconsideration on September 23, 2016, but withdrew this motion. This appeal followed.

## II.  DISCUSSION

■ We review *de novo* a district court's denial of relief under § 2241. *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012). Federal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, "the federal prisoner's substitute for habeas corpus." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). However, a federal prisoner may petition under § 2241 "if his section 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Id.* (quoting

28 U.S.C. § 2255(e), the "Savings Clause"). "This generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (citation, quotation marks, and alteration omitted).

■ As established in *Davenport*, a petitioner who seeks to invoke the Savings Clause of § 2255(e) to proceed under § 2241 must demonstrate: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion;" (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding; and (3) that the error is "grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown*, 696 F.3d at 640; *see also Davenport*, 147 F.3d at 610–12.

Camacho argues that his § 2241 petition satisfies the criteria for collateral review in *Davenport* and that *Burrage* applies equally to the "death results" language in 18 U.S.C. § 1201(a). The central issue in *Burrage* was whether a defendant may be sentenced under the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(C) (a 20-year mandatory minimum sentence where "death results" from the use of an unlawfully distributed drug), if the use of the drug "contributes to, but is not a but-for cause of, the victim's death." 134 S.Ct. at 885. The court concluded that "but-for" causation is required in order for the enhanced penalty to apply. *Id.* at 892.

In reaching its holding on the "death results" sentence enhancement, the *Burrage* court noted that the crime at issue

contained two elements: (1) knowing or intentional distribution of the controlled substance under § 841(a)(1); and (2) death resulting from the use of the drug under § 841(b)(1)(C). *Id.* at 887. The court reasoned that both elements must be found by a jury beyond a reasonable doubt, consistent with *Alleyne* and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Id.* Camacho contends that his life sentence is in violation of *Burrage* because the judge rather than the jury made the "death results" determination in 18 U.S.C. § 1201(a), and but-for causation was not established.

As an initial matter, we note that *Burrage* is a statutory-interpretation case. Furthermore, we have found that it is a substantive decision that narrows the scope a federal criminal statute, and therefore applies retroactively to cases on collateral review. *Krieger v. United States,* 842 F.3d 490, 497–500 (7th Cir. 2016); *see also Prevatte v. Merlak,* 865 F.3d 894, 898–99 (7th Cir. 2017). Nevertheless, these findings cannot save Camacho's § 2241 petition, as *Burrage* is inapplicable here.

■ First, we address Camacho's claim that the district judge rather than the jury made the "death results" determination in violation of *Burrage.* As the district court recognized, the concept that a jury must decide any fact that increases the minimum and maximum sentences flows from *Apprendi* and *Alleyne; Burrage* merely applied it to the Controlled Substances Act. In fact, the *Burrage* court specifically relied on both *Apprendi* and *Alleyne* in finding that because the "death results" enhancement increased the minimum and maximum sentences, it must be submitted to the jury and found beyond a reasonable doubt. *See* 134 S.Ct. at 887. In *Krieger,* we observed that "[t]he *Burrage* holding is not about who decides a given question (judge or jury) or what the burden of proof

is (pre-ponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved." 842 F.3d at 499–500. Because neither *Alleyne* nor *Apprendi* has been found to be retroactive on collateral review, Camacho may not advance this claim in his § 2241 petition. *See Crayton v. United States,* 799 F.3d 623, 624–25 (7th Cir. 2015); *Curtis v. United States,* 294 F.3d 841, 842 (7th Cir. 2002); *see also Poe,* 834 F.3d at 773 (*Alleyne* is a constitutional case).

■ Moving to Camacho's second claim, we are not persuaded that *Burrage's* "but-for" causation requirement applies to 18 U.S.C. § 1201(a). In *Burrage,* the victim had taken a number of different drugs in addition to heroin that the defendant sold to him. The salient issue was whether the victim's death "result[ed] from the use of" the heroin sold to him by the defendant. 134 S.Ct. at 886. The *Burrage* court limited its holding, finding that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death … a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of death…." *Id.* at 892. In contrast, § 1201(a)'s enhancement provision requires simply that "the death of any person results[;]" the specific cause of death is immaterial. Therefore, but-for causation is incompatible with the statutory goal of § 1201(a).

Moreover, Camacho was not sentenced pursuant to the "death results" provision in 18 U.S.C. § 1201(a); he was sentenced pursuant to the cross-reference provision for murder contained in U.S.S.G. § 2A4.1(c). This provision does not contain the "death results" language at issue in *Burrage.* Therefore, we agree with the district court that *Burrage* is not applicable to Camacho's § 2241 petition.

Camacho's attempt to shoehorn his claims under *Burrage* are unsuccessful, and he has not demonstrated that he is relying on a statutory-interpretation case that applies retroactively on collateral review. Thus, his § 2241 petition fails to meet the first two *Davenport* factors. In addition, Camacho has not established that any sentencing error occurred, let alone one that was a "miscarriage of justice," and so he has failed to meet the third *Davenport* factor. Camacho has not shown that his § 2255 remedy was "inadequate or ineffective[;]" thus, his § 2241 petition is denied.

### III. CONCLUSION

The district court's denial of Camacho's petition for a writ of habeas corpus is AFFIRMED.

Easterbrook, Circuit Judge, concurring.

For the reasons given in *Brown v. Caraway*, 719 F.3d 583, 596–601 (7th Cir. 2013) (statement concerning the Rule 40 circulation), and *Webster v. Daniels*, 784 F.3d 1123, 1146–54 (7th Cir. 2015) (en banc) (dissenting), I believe that *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), misunderstands 28 U.S.C. § 2255(e). *Davenport* and its successors such as *Brown* and *Webster* have not persuaded other circuits, see *McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) (Gorsuch, J.), and the Supreme Court needs to decide whether § 2255(e) permits litigation of this kind. But I join the court's opinion today, because Camacho is not entitled to relief even under the standards of *Davenport* and *Webster*.