**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 21, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 18-3330 & 18-3331

| | |
|---|---|
| ROBERT K. DECKER, | Appeals from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | Nos. 2:18-cv-00074-JRS-DLP & |
| J.R. BELL, | 2:18-cv-00198-JRS-DLP |
| *Respondent-Appellee*. | |
| | James R. Sweeney II, |
| | *Judge*. |

**O R D E R**

Robert Decker, a federal inmate, appeals the denials of his petitions under
28 U.S.C. § 2241 challenging his loss of good-conduct time for using and possessing an
alcoholic substance. He argues that his two punishments covered the same conduct—
and each was more severe than his cellmate's punishment—so they violated his

---

[*] We have agreed to decide the case without oral argument because the briefs and
record adequately present the facts and legal arguments, and oral argument would not
significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

double-jeopardy and equal-protection rights. But double jeopardy does not apply to prison disciplinary proceedings, and the distinction between Decker and his cellmate was rational. Therefore, we affirm the district court's judgment.

Decker faced two charges of misconduct. An associate warden at the United States Penitentiary in Terre Haute, Indiana, found Decker and his cellmate drinking a brown liquid out of plastic mugs. The liquid was later tested with a breathalyzer device, and it registered as containing alcohol. Afterwards, Decker received his two incident reports: one for use of alcohol and another for possession of alcohol. The report regarding Decker's use of alcohol was later returned to the Lieutenant's Office to be rewritten on the correct form.

The disciplinary process for possession moved forward first. The hearing on the charge against Decker's cellmate—also accused of possessing alcohol—occurred just before Decker's. After Decker heard his cellmate confess to exclusive responsibility for the alcohol, Decker moved to dismiss his charges at the beginning of his hearing. The hearing officer, however, denied that motion. After the hearing, the hearing officer credited the evidence of possession from the correctional officers over Decker's denial of responsibility and found that Decker committed the prohibited act. He lost 41 days of good-conduct time; his cellmate lost 7 days.

The next month, after Decker received the updated version of the incident report charging him with use of alcohol, the prison held another disciplinary hearing. Decker offered a statement from an inmate who said that the officer handling the breathalyzer test had to perform it on Decker at least five times before obtaining a positive result. Again, the hearing officer credited the evidence from the correctional officers and found that Decker committed the prohibited act of using contraband. Decker lost another 41 days of good-conduct time and received 60 days of disciplinary segregation.

Decker filed two petitions under 28 U.S.C. § 2241, each challenging the revocation of his good-time credits. He contended that, by punishing him twice for the same incident, and more severely than his cellmate, prison officials violated his rights to double-jeopardy protection and equal protection. Because of a factual dispute about exhaustion, the district court decided the cases on the merits, *see Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010), and denied the petitions. Decker appealed both decisions, and we have consolidated his appeals. We review de novo the denial of the petitions. *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017). And, like the district court, we bypass the fact dispute on the exhaustion question. (This renders irrelevant

Decker's argument that, by the delaying the delivery of his post-hearing report, the defendants unlawfully impeded his administrative appeal.)

Decker maintains on appeal that he received two punishments for the same conduct, so the punishments violate the Double Jeopardy Clause. He contends that his first punishment—for alcohol possession—barred punishment on the second charge— for use—because possession is included within use. *See United States v. Mire*, 725 F.3d 665, 677–78 (7th Cir. 2013). But the protections against double jeopardy apply only to criminal proceedings, and prison discipline is not a criminal proceeding. *Hudson v. United States*, 522 U.S. 93, 98–99 (1997); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, a defendant may be both disciplined in prison and criminally punished in court for the same conduct. *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994). And inmates may be prosecuted at a second disciplinary hearing for conduct of which they were acquitted at a first hearing. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). The reason is that prison officials have an "overriding" need "to act swiftly to maintain institutional order," so they may have to charge an inmate "on the basis of evidence that might be insufficient" at the first hearing. *Id.*

We recognize that Decker was convicted, not acquitted, at his first hearing, and if this were a criminal case, the Double Jeopardy Clause might foreclose the second case. *See Ohio v. Johnson*, 467 U.S. 493, 501 (1984). But the holdings that double jeopardy does not apply to non-criminal proceedings, *Hudson*, 522 U.S. at 98-99, and that prison discipline is non-criminal, *Wolff*, 418 U.S. at 556, permit the dual proceedings. And because multiple withdrawals of good-time credits for the same misconduct can never force an inmate to serve more time in prison than a court sentenced him to serve, due process is respected. *See McNeil v. Dir., Patuxent Inst.*, 407 U.S. 245, 246 (1972).

Decker also contends that his punishment violated his right to equal protection because his cellmate lost less good-time credit than he did for the same charge. (The cellmate lost 7 days compared to Decker's 82.) We understand this to be a "class-of-one" argument. *See United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008). A class-of-one claim cannot succeed if the prison treated Decker differently than his cellmate for a rational reason. *Thayer v. Chiczewski*, 705 F.3d 237, 254 (7th Cir. 2012) (citing *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 888 (7th Cir. 2012)). A rational reason appears on the face of the petitions: The hearing officer may have shown leniency to Decker's cellmate because he took responsibility for the infraction, whereas Decker denied blame. Thus, Decker is not entitled to relief on this claim.

We have considered Decker's other arguments, but they are without merit.

AFFIRMED